UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWAYNE C SIMS,<br><br>        Plaintiff,<br><br>    v.<br><br>A TURNIGAN,<br><br>        Defendant. | Case No. 22-cv-02735-TLT<br><br>**ORDER OF SERVICE;**<br><br>**DENYING APPOINTMENT OF COUNSEL** |

Plaintiff, a prisoner at Correctional Training Facility (CTF), has filed a *pro se* complaint under 42 U.S.C. § 1983 alleging that defendant correctional officer Turnigan assaulted him and "verbally disrespected" him at CTF on March 1, 2021. ECF No. 1. Plaintiff's complaint is before the Court for screening pursuant to pursuant to 28 U.S.C. § 1915A.

Plaintiff's motion for leave to proceed *in forma pauperis* will be granted in a separate written Order.

## DISCUSSION

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

Plaintiff states that he went to his work assignment in January and February 2021 without incident, as a critical worker. ECF No. 1 at 4-5. On the day of the incident forming the basis of this lawsuit, defendant Turnigan told him to go back to his cell when he was on his way to his work assignment. *Id.* at 5. Plaintiff proceeded toward his job assignment, and defendant continued to tell him to "lock it up." *Id.* at 6. He requested that defendant call in his lieutenant/sergeant as a mediator to assist in resolving their dispute over whether he was permitted to go to work. *Id.* Defendant refused this request and again told plaintiff to "lock it up." *Id.* Plaintiff continued to ask to see his superior. Defendant then agreed to call his superior, but informed plaintiff that he would arrest him. Plaintiff said "Okay, that's fine with me, let's go!" *Id.* Defendant then gave plaintiff a verbal command to turn around and cuff up, with which plaintiff complied. Defendant then "aggressively—with the use of force, handcuffed [plaintiff's] right wrist" and instructed plaintiff to drop his food and folder of legal documents. *Id.* Plaintiff responded, "Are you seriously crazy!" Plaintiff asked his cellmate to come take his food and documents, after which defendant "decided to aggressively grab [his] lower forearm and wrist with both of his hands, and with the use of force, pulled up on [his] arm hard, yanking and jerking it, then with force, slapping [his] left hand and wrist hard to relieve those contents within [his] left

hand." *Id.* at 7. While handcuffing his left wrist, defendant "continued to be aggressive by twisting and bending [his] left wrist hard" and hurting plaintiff. *Id.* The two continued to have a verbal altercation, after which plaintiff was interviewed by Sergeant Glaze and examined by medical staff, he provided a video statement of the arrest, assault, and injury to Captain Handley, and was returned to his cell. *Id.* at 8. Plaintiff alleges that defendant Turnigan has a "history of racially profiling and targeting other groups of inmates." *Id.* Plaintiff has a sore left wrist and ongoing shoulder pain and numbness requiring surgery.

Plaintiff seeks "'injunctive relief' related to the use of excessive force," relief from his Rule Violation Report, and that defendant Turnigan "be held accountable . . . by accepting to resign from his position as an correctional officer, and serve the amount of time given under the crime penalty commitment." ECF No. 1 at 3-4. He also seeks damages.

Liberally construed, plaintiff has stated a cognizable claim against defendant Turnigan of excessive force in violation of the Eighth Amendment. *See Whitley v. Albers*, 475 U.S. 312, 319 (1986) (Eighth Amendment prohibits excessive force in the form of "unnecessary and wanton infliction of pain" on a convicted prisoner).

### C. Plaintiff's Request for Counsel

Plaintiff's request for appointment of counsel (ECF No. 9) is DENIED. The Ninth Circuit has held that a district court may ask counsel to represent an indigent litigant only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Plaintiff appears able to present his claims adequately, and the issues are not complex, therefore the request is denied without prejudice.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The Court ORDERS that service on defendant A. Turnigan, second watch correctional officer at CTF Delta Wing Central Facility, shall proceed under the California Department of Corrections and Rehabilitation's ("CDCR") e-service program for civil rights cases

3

from prisoners in the CDCR's custody. In accordance with the program, the Clerk is directed to serve on the CDCR via email the following documents: the operative complaint (Dkt. No. 1), this Order of Service, a CDCR Report of E-Service Waiver form, and a summons. The Clerk also shall serve a copy of this order on the Plaintiff.

No later than 40 days after service of this order via email on the CDCR, the CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service ("USMS") and which defendant(s) decline to waive service or could not be reached. The CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the Court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the Clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form. The Clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service. The Clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

2.  Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires Defendants to cooperate in saving unnecessary costs of service of the summons and complaint. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(A)(ii), Defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the CDCR provides a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office. (This allows a longer time to respond than would be required if formal service of summons is necessary.) If Defendants have not waived service and have instead been served by the USMS, then Defendants shall serve and file an answer within **twenty-one (21) days** after being served with the summons and complaint.

6.  Defendants shall answer the complaint in accordance with the Federal Rules of Civil

Procedure. The following briefing schedule shall govern dispositive motions in this action:

    a.    No later than **sixty (60) days** from the date their answer is due, defendants shall file a motion for summary judgment or other dispositive motion. The motion must be supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue. A motion for summary judgment also must be accompanied by a *Rand*[1] notice so that plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in Rand must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies must be accompanied by a similar notice. However, the Court notes that under the law of the circuit, in the rare event that a failure to exhaust is clear on the face of the complaint, defendants may move for dismissal under Rule 12(b)(6), as opposed to the previous practice of moving under an unenumerated Rule 12(b) motion. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA"), should be raised by a defendant as an unenumerated Rule 12(b) motion). Otherwise, if a failure to exhaust is not clear on the face of the complaint, Defendants must produce evidence proving failure to exhaust in a motion for summary judgment under Rule 56. *Id.* If undisputed evidence viewed in the light most favorable to plaintiff shows a failure to exhaust, defendants are entitled to summary judgment under Rule 56. *Id.* But if material facts are disputed, summary judgment should be denied and the district judge, rather than a jury, should determine the facts in a preliminary proceeding. *Id.* at 1168.

    If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on plaintiff.

---

[1] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

      b.     Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendants no later than **twenty-eight (28) days** after the date on which defendants' motion is filed.

      c.     Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact—that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is supported properly by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand*, 154 F.3d at 962-63.

    Plaintiff also is advised that—in the rare event that defendants argue that the failure to exhaust is clear on the face of the complaint—a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. To avoid dismissal, you have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents— documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have

personal knowledge of the matters state therein. As mentioned above, in considering a motion to dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed issues of fact with regard to this portion of the case. *Albino*, 747 F.3d at 1168.

(The notices above do not excuse defendants' obligation to serve similar notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. *Woods*, 684 F.3d at 935.)

        d.    Defendants shall file a reply brief no later than **fourteen (14) days** after the date plaintiff's opposition is filed.

        e.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to defendants to depose plaintiff and any other necessary witnesses confined in prison.

8. All communications by plaintiff with the Court must be served on defendants or their counsel, once counsel has been designated, by mailing a true copy of the document to them.

9. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11, a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

10. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

**IT IS SO ORDERED.**

Dated: October 12, 2022

                                                TRINA L. THOMPSON
                                                United States District Judge